Fabricant, Judith, J.
The Court has reviewed the motion, opposition, and reply, along with all materials submitted by both sides, and concludes as follows.
This case involves complex factual and legal issues, and sophisticated parties. It is therefore not surprising *541 that both sides are represented by experienced attorneys at major law firms, who charge hourly rates that the general public would likely find shocking. In the Court’s experience, the rates claimed are at the upper end of, but not outside the range of, rates charged by highly skilled and qualified attorneys at major urban law firms performing highly sophisticated work for major commercial clients. These attorneys fit that description.*
The work necessary to this discovery matter, although perhaps not involving particularly challenging legal issues, required a high level of perseverance and creativity to overcome Dr. Stein’s persistent efforts at avoidance. The result achieved was highly favorable. The Court will therefore award fees based on the rates claimed.
The attorneys spent a lot of hours to obtain what they should have received at the outset, in response to proper discovery requests. That is the fault of Dr. Stein, not of Clinical Data; his persistent resistance necessitated its attorneys’ active and diligent response. Nevertheless, the Court has identified two instances in which it appears that at least some of the time spent would have been necessary even without the discovery dispute. The Court will make adjustments as follows;
—1/5/09: Attorney Jaillet recorded 1.20 hours for tasks including reviewing the Court’s order regarding a motion to compel filed by Dr. Stein, and conferring with Mr. Davis regarding discovery issues. These tasks appear to go beyond the present matter, and the entry does not provide a basis for segregation. The Court will therefore exclude the $594 claimed.
—April 2009: The time recorded includes 18.5 hours spent in preparing for and taking the continuation of Dr. Stein’s deposition. The materials submitted do not establish that the present discovery matter was the only topic of that deposition. The Court will therefore exclude half of the $11,070.50 claimed for this time.
The total to be excluded from time charges is $6,129.25; the Court will award attorneys fees in the amount of $222,944.75.
Mr. Swanson’s hourly rate of $200 appears reasonable, based on the Court’s experience with similar experts. The time spent also appears reasonable, with the exception of 4.5 hours for picking up and returning Dr. Stein’s laptop; that task should have been performed through an assistant or messenger, or by some more efficient method; the Court will exclude $900. The Court will award $19,350 for expert charges.
As to the expenses claimed, in the Court’s view photocopying, courier services, and on line research should be treated as firm overhead; the Court will not award expenses for those items. The hearing transcript was a necessary expense, since the Court made oral rulings at the hearing. The transcript of Dr. Stein’s deposition was also necessary, but the Court will reduce the amount claimed by half to accpunt for aspects of the deposition unrelated to this matter.
Accordingly, the Court .will award expenses in the amount of $767.66, for a total award of $243,062.41.
The Court declines Dr. Stein’s suggest that payment should be postpone to the end of the litigation. His conduct caused Clinical Data to incur these costs; fairness dictates that it should receive prompt reimbursement.

CONCLUSION AND ORDER

For the reasons stated, Defendant Clinical Data, Inc.’s Motion for the Payment of its Reasonable Attorneys Fees, Expenses and Expert Fees is ALLOWED in part. Plaintiff Israel Stein shall pay to defendant Clinical Data, Inc., the amount of $243,062.41, within fourteen days of receipt of this order.

Editor’s Note: See 26 Mass. L. Rptr. 269 (Fabricant, Judith, J.), for a discussion of the reasons for the imposition of the sanction described in this opinion.